UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DOUGLAS LONGHINI, | : Case No.: |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| FABIO OSES and MARY OSES, as Tenants-in- | : |
| Common, FRITANGA EL SABOR NICA, INC., | : |
| a Florida for Profit Corporation, and MAYAMEX | : |
| LINDA, LLC, a Florida Limited Liability | : |
| Company, | : |
| | : |
| Defendants. | : |
| _____ / | : |

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, DOUGLAS LONGHINI (hereinafter "Plaintiff"), hereby sues the Defendants, **FABIO OSES** and **MARY OSES**, as Tenants-in-Common, **FRITANGA EL SABOR NICA, INC.**, a Florida for Profit Corporation, and **MAYAMEX LINDA, LLC**, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, litigation expenses and costs, for failing to make its facilities accessible to Americans with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and alleges as follows:

**JURISDICTION& VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claim is authorized by Title 42 U.S.C. §§ 12181, 28 U.S.C. §§ 2201 and 2202.

3. This Court has pendant jurisdiction over any and all potential State law claims pursuant to Title 28 U.S.C. § 1367(a).

4. All of the actions or omissions complained of herein have taken place within the jurisdiction of the United States District Court for Southern District of Florida and the subject facilities are located in Miami-Dade County, Florida.  28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, **DOUGLAS LONGHINI**, is a resident of the State of Florida, *sui juris*, and an American with a disability.  Plaintiff qualifies as an individual with disabilities as defined by the ADA.

6. Plaintiff suffers from Cerebral Palsy and requires a wheelchair to ambulate. Plaintiff is limited in one or more of life's major activities, including but not limited to walking, standing, grabbing, and grasping.

7. Defendants, **FABIO OSES** and **MARY OSES**, are authorized to, and does, transact business in the State of Florida.

8. Upon information and belief, FABIO OSES and MARY OSES, are the owner and/or lessor and/or operator of the commercial facility located at 854 North Krome Avenue, Homestead, Florida 33030 (hereinafter referred to as the "Defendants")

9. Defendant, **FRITANGA EL SABOR NICA, INC.,** is a registered for profit Corporation that is authorized to, and does, transact business in the State of Florida.

10. Upon information and belief, FRITANGA EL SABOR NICA, INC.**,** is the tenant and/or lessee and/or operator of the commercial facility located at 854 North Krome Avenue, Homestead, Florida 33030, (hereinafter referred to as the "Defendant" or "FRITANGA SABOR").

11. Defendant, **MAYAMEX LINDA, LLC**, is a registered for profit Limited Liability Company that is authorized to, and does, transact business in the State of Florida.

12. Upon information and belief, MAYAMEX LINDA, LLC, is the tenant and/or lessee and/or operator of the commercial facility located at 854 North Krome Avenue, Homestead, Florida 33030 (hereinafter referred to as the "Defendant" or "MAYAMEX").

13. Plaintiff plans to return to the subject commercial facility and place of public accommodation but has encountered the barriers violating the ADA, and its corresponding sections of the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction (hereinafter collectively referred to as "FACBC") barriers.

## GENERAL FACTS

14. Plaintiff, a wheelchair user who has limited use of his hands, visited the 854 North Krome Plaza as a patron and tester.

15. Defendant, FABIO OSES and MARY OSES, are the owner and operator of the subject commercial facility (hereinafter "commercial facility", "facility" or "858 North Krome Plaza") which leases commercial tenant spaces to the Defendant, FRITANGA SABOR and MAYAMEX.

16. Defendant, FRITANGA SABOR, operates a restaurant commonly known as FRITANGA SABOR at 854 North Krome Plaza.

17. Defendant, MAYAMEX, operates a restaurant commonly known as MAYAMEX at the 854 North Krome Plaza.

18. Plaintiff was not able to, and still cannot, access significant portions of the 854 North Krome Plaza, FRITANGA SABOR and/or MAYAMEX, or avail himself of the various goods and services Defendants otherwise offer to able bodied individuals.

19. At 854 North Krome Plaza, Plaintiff was unable to access the parking as follows:

**854 NORTH KROME PLAZA**

a. The Plaintiff had difficulty exiting the vehicle, as the designated accessible parking spaces access aisles were located on an excessive slope. Violation: Some of the accessible parking spaces access aisles are located on an excessive slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

b. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces were located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG, whose resolution is readily achievable.

c. The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG, whose resolution is readily achievable

d. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2, 4.3.8, 4.5.2, and 4.8 of the ADAAG, whose resolution is readily achievable.

e. The Plaintiff had difficulty using ramps, as they were located on an excessive slope. Violation: There are ramps at the facility that contain excessive slopes in violation of Section 4.8.2 of the ADAAG, whose resolution is readily achievable.

f. The Plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG, whose resolution is readily achievable

20. At 854 North Krome Plaza, Plaintiff was unable to access the place of public accommodation, MAYAMEX, as follows:

### MAYAMEX

a. The Plaintiff had difficulty entering the facility, as the door threshold was too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 3/4 of an inch, violating Section 4.13.8 of the ADAAG, whose resolution is readily achievable.

b. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

c. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

d. The Plaintiff had difficulty using the restroom door without assistance as the door hardware required tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

e. The Plaintiff could not transfer to the toilet without assistance, as there were no grab bars. Violation: Compliant grab bars are not provided in the restroom violating Section 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

f. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, whose resolution is readily achievable.

g. The Plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

    h. The Plaintiff could not use the lavatory without assistance, as the counter was too high. Violation: There are lavatories in public restrooms with counters that are higher than allowed, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG, whose resolution is readily achievable.

    i. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

    j. The Plaintiff could not use the toilet paper dispenser without assistance, as it was not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG, whose resolution is readily achievable.

21. At 854 North Krome Plaza, Plaintiff was unable to access the place of public accommodation, FRITANGA SABOR, as follows:

### **FRITANGA SABOR**

    a. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG, whose resolution is readily achievable.

    b. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

    c. There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

    d. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

    e. The Plaintiff could not use the lavatory without assistance, as a trashcan was located underneath it. Violation: There are lavatories

      in public restrooms without the required knee/toe clearances provided, in violation of the requirements in Section 4.19.2 of the ADAAG, whose resolution is readily achievable.

   f. The Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

   g. The Plaintiff could not use the paper towel dispenser without assistance, as it was mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG, whose resolution is readily achievable.

   h. The Plaintiff could not use the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

   i. The Plaintiff had difficulty using the toilet without assistance, as it was not mounted at the required distance from the wall. Violation: The water closet is mounted at a non-compliant distance from the wall in violation of Section 4.16.2 and Figure 28 of the ADAAG, whose resolution is readily achievable.

   j. The Plaintiff could not transfer to the toilet without assistance, as the grab bars were not the required length. Violation: Compliant grab bars are not provided in the restroom in violation of Section 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

   k. The Plaintiff could not flush the toilet without assistance, as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

     22.   Plaintiff was unable to access the parking lot and/or exit his vehicle without difficulty at the 854 North Krome Plaza and/or the goods and services and/or restrooms at the place of public accommodation, FRITANGA SABOR and/or MAYAMEX (referred to as the "tenant spaces").

23. Plaintiff has encountered and has knowledge of numerous inaccessible elements which prevent access and/or are a threat to the safety of individuals with disabilities in Defendants' commercial facility and the tenant spaces.

24. Due to the architectural barriers encountered, all areas of the premises were not experienced by Plaintiff. Therefore, the above lists of ADA violations are not to be considered all-inclusive. A *complete* list of violations at the Defendants commercial facility and the tenant spaces, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives.[1]

25. Upon information and belief, correcting each barrier in paragraphs 19-21 of this Complaint is readily achievable.

26. Plaintiff has a continuing connection with the 858 North Krome Plaza, as Plaintiff resides approximately 20 miles away and frequently visits the area.

27. Plaintiff intends to revisit the subject commercial facility and the tenant spaces.

28. The barriers prevent and deter Plaintiff from returning to the subject commercial facility and the tenant spaces to enjoy the goods and services available to the public.

29. Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the subject commercial facility and the tenant spaces, and has otherwise been discriminated against and damaged because of Defendants existing ADA violations, including, but not limited to, those set forth herein.

30. The violations present at Defendants' subject commercial facility and the tenant spaces violate the ADA and infringe on Plaintiff's right to travel free of discrimination. Plaintiff

---

[1] Rule 34 of the Federal Rules of Civil Procedure.

desires to, and would patronize Defendants subject commercial facility and the tenant spaces in the foreseeable future if the Defendants subject commercial facility and the tenant spaces were made accessible.

31. Plaintiff is deprived of the meaningful choice of freely visiting Defendants subject commercial facility and the tenant spaces, which are readily available to the general public until the existing barriers have been removed.

## COUNT I
## AMERICANS WITH DISABILITIES ("ADA")
## ACTION FOR INJUNCTIVE RELIEF

32. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

33. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 31 of this Complaint as if fully stated herein.

34. At all times relevant to this action, the ADA, 42 U.S.C. § 12101, *et seq.,* was in full force and effect and applies to Defendants' conduct or omissions thereof.

35. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R Part 36, were in full force and effect and applied to the Defendant's conduct.

36. The objective of the ADA is to eliminate discrimination against individual with disabilities. Section 302(a) of the ADA, 42 U.S.C. § 12182(a), prohibits discrimination "on the basis of disability in the full and equal of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

37. Section 302(b) (2) (A) (iii) of the ADA, 42 U.S.C. § 12182(b) (2) (A) (iii), provides that discrimination that discrimination under the ADA further includes "the failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services" as defined under § 12102 of the ADA.

38. 28 CFR § 36.211 requires accessible elements to be maintained in accordance with the 2010 Americans with Disabilities Act Accessibility Standards.

39. It is therefore necessary to implement and adhere to a policy and procedure whereby all accessible features are properly maintained, kept in proper location, working order and remain compliant.

40. At all times relevant to this action, Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA, 42 U.S.C. § 12102.

41. At all times relevant to this action, Defendants commercial facility and the tenant spacess are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181 and 28 CFR § 36.104.

42. Both the landlord who owns the building that houses the places of public accommodations and the tenants who own or operate the places of public accommodations are public accommodations subject to the requirements of this part. 28 CFR § 36.201.

43. Plaintiff visited Defendants' commercial facility and the tenant spaces which forms the basis of this lawsuit on or about February 17, 2016, and plans to return, to avail himself of the goods and services offered to the public therein.

44. Plaintiff has encountered and has knowledge of the architectural barriers at the subject commercial facility and the tenant spaces which has endangered Plaintiff's safety and discriminated against Plaintiff on the basis of his disability.

45. Defendants have deprived Plaintiff the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination by maintaining a public accommodation with ADA violations and failing to remove such barriers existing at the facilities.

46. Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by the ADA.

47. Defendants, through the actions outlined above, have denied Plaintiff the opportunity to participate or benefit from the services, facilities, and accommodations provided by Defendant.  42 U.S.C. §12182; 28 C.F.R. § 36.202.

48. Defendants' violations of the ADA mentioned above directly caused Plaintiff to sustain past and continuing physical and emotional injuries.  Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' pattern and practice of discrimination.

49. Immediate and irreparable injury, loss or damage will result to Plaintiff, and the existing loss and damage will be aggravated, if the Defendants are not enjoined to comply with the ADA.  Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested

herein. Plaintiff has no adequate remedy at law without the entry of an injunction enjoining Defendants from discriminatory barriers, policies, and practices in violation of the ADA.

50. Plaintiff has suffered, is suffering, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' commercial facility and the tenant spaces. Defendants have caused Plaintiff to suffer a sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public by continuing to operate a commercial facility and the tenant spaces with discriminatory conditions in violation of the ADA.

51. Plaintiff wishes to re-visit the subject commercial facility and the tenant spaces to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the subject commercial facility and the tenant spaces are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur.

52. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been alteration to Defendants places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and usable by individuals with disabilities,

including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

53. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $50,000.00 or less).

54. All other conditions precedent have been met by Plaintiff or waived by the Defendants.

55. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and/or closing the subject facilities until the requisite modifications are complete.

56. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants.

57. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*;

B.  Injunctive relief against the Defendants including an Order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absences of auxiliary aids and services;

C.  Award Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505;

D.  Any such other and further relief as this Court may deem proper and just under the circumstances and allowable under Title III of the American with Disabilities Act.

Dated: August 10, 2016

Respectfully Submitted,

**LAW OFFICE OF GONZALEZ ZEPEDA**
Park Place of Kendall
13386 SW 128th Street
Miami, Florida 33186
Telephone: (305) 251-5878
Fax: (305)251-5879
E-Mail: service@gzattorneys.com

By: /s/ PABLO GONZALEZ ZEPEDA
PABLO GONZALEZ ZEPEDA
Florida Bar No.: 58692
E-Mail: pablo@gzattorneys.com

**LAW OFFICE OF GONZALEZ ZEPEDA**
Park Place of Kendall
13386 SW 128th Street
Miami, Florida 33186
Telephone: (305) 251-5878
Fax: (305)251-5879
E-Mail: service@gzattorneys.com

By: */s/* CAMILO F ORTEGA
CAMILO F. ORTEGA, *Of Counsel*
Florida Bar No.: 0075387
E-Mail: camilo@gzattorneys.com

[Remainder of Page Intentionally Left Blank]